## COMMONWEALTH *vs.* MARY B. TAYLOR.

A negro boy eight years old, who was born and reared a slave in Arkansas, came into this State with the consent of his master, as a personal attendant of his master's wife, who was here on a visit to her friends : On his being brought before the court by *habeas corpus*, it appeared that the master's wife did not claim the custody of the boy as a *slave* here, nor *intend to carry* him back *to* Arkansas against his will, out did intend to carry him back, if he should consent to go. The court held that the consent of so young a child would not authorize his removal into a state of slavery, and ordered him to be delivered to the guardians who had been appointed for him, by the judge of probate, under the Rev. Sts. *c.* 79, § 1.

SHAW, C. J. A writ of *habeas corpus* was issued in vacation by Mr. Justice Wilde, to bring up the body of a negro boy, seven or eight years of age, named Anson, alleged to be in the custody of Mrs. Mary B. Taylor, of Athol in this county, and held as a slave. After some consideration, the case was adjourned to be heard at this place, on the first day of this term, with a view to be then adjourned into court, and heard before the full court.

It appears by the evidence in the case, that Mrs. Taylor is the wife of James F. Taylor of the State of Arkansas, in whose family the said boy was born and reared as a slave ; that he was brought here by Mrs. Taylor, with the consent of her husband, and that she intended to return in the autumn to Arkansas with her husband, whom she expected here. The conclusion to which we come, upon the evidence, is, that it was her intention to carry the boy back to Arkansas, and there hold him in his former condition as a slave. The only disclaimer on her part is, that she does not here hold or regard him as a slave, or that of her husband ; and she disclaims all intention, on her return, to remove him out of this State, unless by his own consent. But it further appears by the evidence, that she has a full belief that he will consent to go with her and her family ; and with that consent, it is her intention, and that of her husband, to carry him back to Arkansas, to his former condition of slavery.

Since the case was adjourned, guardians have been appointed to this negro boy, by the judge of probate of this county, after notice and a hearing.

We can perceive no difference in principle between the pre.

ent case, and that of *Commonwealth* v. *Aves*, 18 Pick. 193. The apparent distinction is, that in that case, the persons, by whom the slave child was brought from Louisiana, explicitly claimed the right of holding the child, and carrying him back to be held as a slave. In the present case, the persons by whom the boy has been brought here, and by whom he was before held in slavery, do not claim the right to hold or regard him as a slave here, or to restrain him of his freedom, and regard him otherwise than as a free boy here ; nor to remove him to Arkansas, unless by his consent. But in point of law, a child of such tender years has no will, no power of judging or electing ; and therefore h's will and choice are to be wholly disregarded. The natural and strong feelings of a child, which induce him to cling instinctively to those whom he has been accustomed to regard as his natural protectors, cannot be regarded as the exercise of a legal will, or of an intelligent choice. A very different rule would apply, and we believe has frequently been applied, where, on a private examination, it has appeared that a negro, claimed under like circumstances, has been found to have sufficient intelligence and capacity to judge of his own interests, and elect whether he would return with his master to a slave State, or be set at liberty here.

One other circumstance, which distinguishes the present case from the one cited, is, that in the present case, the judge of probate of this county has appointed guardians for this boy, pursuant to the provisions of the Rev. Sts. *c.* 79, § 1, which authorize the judge of probate, in each county, when it shall appear to him necessary or convenient, to appoint guardians to minors and others, being inhabitants of or residents in the same county. Section 2d provides, that if the minor is under the age of fourteen years, the judge of probate may nominate and appoint his guardian. In this respect, this case is more favorable for the discharge of the boy from the custody and control of those who formerly held him as a slave ; because here are persons duly authorized by law to take the immediate custody of the boy. We think the case of *Commonwealth* v. *Aves,* decisive of the present, and do therefore order, that the boy Anson be discharged from

the custody of Mrs. Taylor, and those who act in her behalf, and in behalf of the said James F. Taylor, and that he be delivered into the custody of the guardians appointed by the judge of probate.

*Sewall*, for the Commonwealth.

*Hallett*, for the respondent.